Our final case of the morning is Nguyen v. Bondi. Oh, excuse me. Before counsel leave the room, just a reminder that lawyers for both sides should file statements of the full names of the plaintiffs. Thank you. Mr. Bakker. Good morning and may it please the court. My name is Stavri Bakko and I represent Ms. Nguyen in this proceedings. Your Honor, this is a matter of a 43-year-old mother who is a national of Vietnam who came here legally as a lawful permanent resident back in 2010. She married now ex-husband, or she met, I should say, in 2005 in the home country of Vietnam. She married her now ex-husband. They married in 2006 and then they registered the marriage in 2010 and then through the legal system, she legally entered as a lawful permanent resident in 2010. She lived initially in Skokie, Illinois, and then from there— Counsel, I think we need—time is short. We need to get to the Attorney General's principal argument, which is that we lack jurisdiction. The brief says there is, as a statutory matter, no jurisdiction over the great bulk of your argument, and you chose not to file a reply brief. Where does that leave us? Your Honor, this court does not have jurisdiction when it comes to facts, to re-litigate the facts that were litigated within the immigration judge. However, this court absolutely has jurisdiction to review whether the correct legal standard of review was applied in this case, and it is our position that the immigration judge absolutely did not apply the correct legal standard. The legal standard is preponderance of the evidence. In this case, my client, did she prove by preponderance of the evidence, which is more likely than not, that she entered into this marriage in good faith? And she did. Unfortunately, in this matter, the immigration judge applied a higher standard as indicated in our case brief, which is Lyell v. Lynch, which this court has stated that there's no need to apply a higher standard other than just the correct burden of proof. For example, in Lyell v. Lynch, there were facts, even our position is even more egregious than this one, which is marriage was attended by only one person. In that case, the petitioner did not even know where his wife was, did not even attend a wife at that time, the U.S. citizen wife didn't even know, didn't even attend the interview, had no interest in even learning English, which were indications found by immigration judge that the marriage was not in good faith. What do you point to in the immigration judge's decision that is a legal error, the selection of an incorrect standard of the burden of persuasion? So we point to the fact that she did not even consider, the immigration judge did not even consider anything. No, that's not identifying an incorrect legal standard. That's just a way of trying to re-argue the facts. What is it that you point to which suggests that the immigration judge applied an incorrect legal standard? That she applied a higher standard, she requested more than was presented. There was enough presented. No, requesting more than is presented does not restate or state incorrectly a legal standard. It just says that the party failed under the correct standard. What is it? Is there some place where the immigration judge says, I'm looking for clear and convincing evidence or anything like that? So the judge, for example, there was an instance where there was a witness present that wasn't allowed to testify, to add corroboration, to corroborate. In this case, Ms. Wentz claimed that the parties were, in fact, married and were doing things together, which was, in this case, the witness was going to testify that they attended a birthday party. In this case, Judge… What does that have to do with the standard of proof or the burden of non-persuasion? If at the end of a civil trial, a judge says, the plaintiff showed X, Y, Z, and A, B, and C, that's not enough to prevail. I rule for the defendant. Does that set up an appeal on the ground that the judge has applied an incorrect burden of proof? We believe so, Judge. Your Honor, in this case, the immigration judge simply stated that, according to the standard of proof that she applied, that there was not enough evidence or there was no corroborating evidence or there was contradicting evidence. First of all, there was more than enough evidence presented in this case applying the correct standard of proof, which is the preponderance of the evidence. They married in 2006. They registered the marriage in 2010. The marriage itself, the wedding, was attended by 200 people. Then, after 2008, they immigrated. After going through the legal process, she entered the country as a husband and wife and then immigrated here as a lawful permanent resident. Initially, they lived together. When we're talking about the standard of proof, preponderance of the evidence, was there evidence presented that made it more likely than not that this marriage was entered in good faith? There was. The judge simply focused only on what broke down the marriage, what caused the marriage to break down as opposed to, was this marriage entered in good faith, a.k.a. for love? Which it did. Again, going back to the length of the marriage prior to even entering the United States. The reason why I mentioned Lara v. Lynch is that the facts over there were even worse than this one. Still, this court stated that so long as the petitioner in that case said, I married at the time of the marriage, I married this individual for love and that's why I did it, that was enough. In this case, that's why it is our position that the immigration judge simply, instead of applying the correct standard of proof, it is our position that she asked for more than was necessary. That's why we're here, that's why this court has jurisdiction because although the facts, we're not asking to relitigate the facts, whether that standard of proof was correctly and legally applied, it is a question of law. There was in Katia v. Gonzalez, for example, another 2007 Seventh Circuit Court case, petition testimony of the immigration hearing versus written statements, which is similar here. The testimony given was in contradiction with the written statement and the court in that case had a reasonable trial. Fairfax could have concluded that the petitioner had lied about his political activities in Cameroon, which was by that case, but he says, the immigration judge has made a number of mistakes uncorrected by the board in the assessment of the evidence. The immigration judge failed to distinguish between materialized on one hand and innocent mistakes and that's what we have here. Because there's some inconsistencies with what was said and what the documentation showed, that did not prove that this woman did not enter into this marriage in good faith. Judge, I am reserving two minutes of rebuttal. Thank you. Thank you, Mr. Bacow. Ms. Dorn. May it please the court, Alana Jung for the Attorney General. Your Honors, the agency denied petitioner's application for a good faith marriage waiver and that, because that decision to deny the application for a good faith marriage waiver is specified under the statute to be in the Attorney General's discretion. This court lacks jurisdiction under 1252A2BI and 1186AC4, Your Honor. The petitioner's challenges are in substance the challenges to the agency's adverse credibility determinations. She is attempting to explain the inconsistencies and she is attempting to challenge the weight that the immigration judge afforded to inconsistencies that were unfavorable to Your Honor. Those are garden variety abuse of discretion challenges and those are borrowed from this court's jurisdiction. Unless the court has any questions for the government. The Governor of Arrest said the court. Looks like not. Thank you, Counsel. Thank you. Anything further, Mr. Bacow? All right. Thank you very much. The case is taken under advisement and the court will be in recess. Thank you.